IN THE CIRCUIT COURT FOR CALVERT COUNTY, MARYLAND
(CIVIL DIVISION)

LEEANNE MARIE SULLIVAN )
)
Plaintiff, )
)
vs. )
)
CALVERT MEMORIAL HOSPITAL )    Case No. C-15-218
100 Hospital Road )
Prince Frederick, Maryland 20678 )
)
**SERVE ON:** )
James J. Xinis )
100 Hospital Road )
Prince Frederick, Maryland 20678 )
)
and )
)
JEFFREY WELGOSS, M.D. )
100 Hospital Road )
Prince Frederick, Maryland 20678 )
)
and )
)
BARBARA KURTZ ESTES, M.D. )
100 Hospital Road )
Prince Frederick, Maryland 20678 )
)
and )
)
PATRICIA GAUCH, RN )
100 Hospital Road )
Prince Frederick, Maryland 20678 )
)
and )
)
MARY DAVIS, RN )
100 Hospital Road )
Prince Frederick, Maryland 20678 )
)
and )
)
ALEXANDRIA MASON, ORT )
100 Hospital Road )

Prince Frederick, Maryland 20678          )
                                          )
and                                       )
                                          )
JOHNSON & JOHNSON                         )
One Johnson & Johnson Plaza               )
New Brunswick, New Jersey 08933           )
                                          )
and                                       )
                                          )
ETHICON US, LLC                           )
U. S. Route 22                            )
Somerville, New Jersey 08876              )
                                          )
                    Defendants.           )
                                          )

### COMPLAINT AND JURY DEMAND

COMES NOW Plaintiff, Leeanne Sullivan, by and though the undersigned counsel, Kimm Massey, Esq., and hereby files this Complaint and Jury Demand against Defendants, Calvert Memorial Hospital, Jeffrey Welgoss, MD, Barbara Kurtz Estes, MD, Patricia Gauch, RN, Mary Davis, RN, Alexandria Mason, ORT, Johnson & Johnson, and Ethicon US, LLC, and in support thereof, states as follows:

### PARTIES

1.  Plaintiff Leeanne Sullivan (hereinafter referred to as Ms. Sullivan) is an individual, who resides at 183 B Court, Lothian, Maryland 20711. At all times relevant hereto, Plaintiff was an adult resident of Calvert County, Maryland.

2.  Upon information and belief, and at all times relevant hereto, Defendant Calvert Memorial Hospital (hereinafter referred to as Hospital), is a Maryland corporation, providing health related services to the general public in Calvert County,

Maryland. Further, defendant Hospital holds itself out as providing medical care meeting applicable National Standards of care.

3. Upon information and belief, and at all times relevant hereto, Defendant Jeffrey Welgoss, M.D. (hereinafter referred to as Dr. Welgoss) is a medical doctor, who works on staff at Defendant Hospital, which is located at 100 Hospital Road, Prince Frederick, Maryland 20678. Upon information and belief, and at all times relevant hereto, Dr. Welgross was a health care provider, licensed in and under the laws of Maryland, providing medical services to the general public in Calvert County, Maryland, and the negligent acts took place in the State of Maryland.

4. Upon information and belief, and at all times relevant hereto, Defendant Barbara Kurtz Estes, M.D. (hereinafter referred to as Dr. Estes) is a medical doctor, who works on staff at Defendant Hospital, which is located at 100 Hospital Road, Prince Frederick, Maryland 20678. Upon information and belief, and at all times relevant hereto, Dr. Estes was a health care provider, licensed in and under the laws of Maryland, providing medical services to the general public in Calvert County, Maryland, and the negligent acts took place in the State of Maryland.

5. Upon information and belief, and at all times relevant hereto, Defendant Patricia Gauch, RN (hereinafter referred to as Nurse Gauch) is a registered nurse, who works on staff at Defendant Hospital, which is located at 100 Hospital Road, Prince Frederick, Maryland 20678. Upon information and belief, and at all times relevant hereto, Patricia Gauch, RN was a registered nurse, licensed in and under the laws of Maryland, providing medical services to the general public in Calvert County, Maryland, and the negligent acts took place in the State of Maryland.

6. Upon information and belief, and at all times relevant hereto, Defendant Mary Davis, RN (hereinafter referred to as Nurse Davis) is a registered nurse, who works on staff at Defendant Hospital, which is located at 100 Hospital Road, Prince Frederick, Maryland 20678. Upon information and belief, and at all times relevant hereto, Mary Davis, RN was a registered nurse, licensed in and under the laws of Maryland, providing medical services to the general public in Calvert County, Maryland, and the negligent acts took place in the State of Maryland.

7. Upon information and belief, and at all times relevant hereto, Defendant Alexandria Mason, ORT (hereinafter referred to as ORT Mason) is an operating room technician, who works on staff at Defendant Hospital, which is located at 100 Hospital Road, Prince Frederick, Maryland 20678. Upon information and belief, and at all times relevant hereto, Alexandria Mason, ORT was a medical technician, licensed in and under the laws of Maryland, providing medical services to the general public in Calvert County, Maryland, and the negligent acts took place in the State of Maryland.

8. Upon information and belief, and at all times relevant hereto, the nurses, doctors, operating room technicians and other personnel at the Hospital were employees, agents, servants, and/or ostensible employees, agents or servants of the Hospital, acting within the scope of their employment and/or agency.

9. Upon information and belief, and at all times relevant hereto, Defendant Johnson & Johnson is a foreign corporation with its principal place of business located in New Brunswick, New Jersey, and at all times relevant hereto, was the owner and parent company of Defendant Ethicon, Inc. and was in control of, and responsible for, the acts and omissions of Defendant Ethicon, Inc.

10. Upon information and belief, and at all times relevant hereto, Defendant Ethicon, Inc. (hereinafter referred to as Ethicon) is a foreign corporation with its principal place of business located in Somerville, New Jersey. Defendant Ethicon was, at all times relevant hereto, the agent of and under the direction and control of Defendant Johnson & Johnson. Defendant Ethicon has sold and continues to sell its products to customers located in the State of Maryland.

## VENUE AND JURISDICTION

11. In material respects, all of the claims and events alleged herein occurred in Calvert County, Maryland. This Court has jurisdiction over this action pursuant to § 6-201 of the Courts Article. A claim has been filed with the Health Care Alternate Dispute Resolution Office and arbitration was waived by Plaintiff.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

12. On November 8, 2011, Plaintiff Leeanne Sullivan was admitted to Defendant Calvert Memorial Hospital for purposes of receiving the following surgical procedures: total laparoscopic hysterectomy; transvaginal taping; cystourethroscopy (simple); and pelviscopic salpingo oophorectomy to address Ms. Sullivan's various pre-operative diagnoses, which included stress incontinence and a cystocele. Ms. Sullivan was also scheduled to have a small skin tag on her right inner thigh removed during the surgery.

13. The surgical team consisted of Dr. Jeffrey Welgoss as the primary surgeon, Dr. Barbara Kurtz Estes as the assistant surgeon, Nurse Patricia Gauch, Nurse Mary Davis, Operating Room Technician Alexandria Mason, and the anesthesia staff.

14. During the course of the surgery, Dr. Welgoss inserted a #16FR foley catheter with 5 ml balloon into Ms. Sullivan's bladder, which was followed by a #18FR and then a new #16FR foley catheter at the end of the case.

15. Also during the course of the surgery, the surgical team inserted one Ethicon Gynecare TVT sling device, Model/Catalog # 810041BL, Lot # 3532100, Expiration Date: 05/2014, into Ms. Sullivan's pelvic region.

16. At the conclusion of the surgery, a member of the surgical team was tasked with filling Ms. Sullivan's bladder through the foley catheter and then removing the foley catheter altogether. Unbeknownst to Ms. Sullivan, however, the surgical team member failed to fully remove the foley catheter and left a piece of the catheter in Ms. Sullivan's bladder.

17. Beginning on or about the first day after the surgery, Ms. Sullivan began experiencing extreme and nonstop pain, an urgency to urinate, a series of urinary tract infections and other extreme discomfort in her pelvic region. Ms. Sullivan shared her complaints with Dr. Welgoss, the primary surgeon, as well as others, including Dr. Estes, the assistant surgeon.

18. On or about November 8, 2011, Calvert Memorial Hospital printed an Operative Case Record concerning Ms. Sullivan's surgical procedures. Thereafter, on or about March 8, 2012, the Report was edited. Then, on or about October 6-7, 2013, Dr.

Welgoss dictated his operative note regarding Ms. Sullivan's November 8, 2011 surgery, which operative note Dr. Welgoss electronically signed on or about October 12, 2013.

19. In the interim, on or about February 23, 2012, Ms. Sullivan received echography procedures which revealed that a foreign object was located in her pelvic region.

20. On or about March 5, 2012, Ms. Sullivan received a cystoscopy which revealed that the foreign object in Ms. Sullivan's body was actually a piece of a foley catheter that was approximately one inch in diameter.

21. On or about March 5, 2012, immediately following the cystoscopy, Dr. Welgoss attempted to remove the piece of foley catheter from Ms. Sullivan's bladder but only managed to pull out chunks of her urethra instead.

22. Thereafter, on or about March 5, 2012, Ms. Sullivan was admitted to INOVA Fairfax Hospital, where the piece of foley catheter was removed from her bladder.

23. Immediately after March 5, 2012, and despite the removal of the foreign object from her bladder, Ms. Sullivan continued experiencing extreme and nonstop pain, an urgency to urinate, incontinence, a series of urinary tract infections, an inability to engage in sexual intercourse, and other extreme discomfort in her pelvic region. Ms. Sullivan shared her complaints with Dr. Welgoss, the primary surgeon, as well as others, including Dr. Estes, the assistant surgeon.

24. The sling device that was inserted in Ms. Sullivan during her November 8, 2011 at Defendant Hospital was manufactured by Defendant Ethicon. Transvaginal sling

devices are comprised of material such as absorbable plastic fibers, temporary balloon inserts and pre-fitted blades.

25. Transvaginal sling devices have been on the market for decades. However, in 2008, the U.S. Food and Drug Administration (hereinafter referred to as the FDA) issued a Public Health Notification regarding reports of serious complications associated with transvaginal mesh used to repair pelvic organ prolapse and stress urinary incontinence. In 2011, the FDA issued another safety communication after receiving more than 1,000 adverse effect reports from surgical mesh manufacturers such as Ethicon. The FDA later ordered Ethicon and other transvaginal mesh manufacturers to perform additional testing and research on their transvaginal mesh devices.

26. Reported complications from transvaginal mesh include, *inter alia*, transvaginal mesh erosion, transvaginal mesh contraction, painful sexual intercourse, bleeding, urinary problems, vaginal scarring, infections, discomfort, and bowel, bladder and blood vessel perforation. These complications often require patients to undergo multiple post-installation surgeries.

27. Notwithstanding the FDA's public safety communications and the plethora of reported complaints and complications from transvaginal sling devices, Defendants Johnson & Johnson and Ethicon did nothing to correct the problems with the devices, warn surgeons and patients of the risk, or take the products off the market. Indeed, it was not until 2012 that Johnson & Johnson removed four of Ethicon's products, including the Gynecare TVT Secur system, from the market.

## COUNT I

### (Medical Negligence—Failure to Remove Foreign Object)

28. The foregoing factual allegations are re-alleged and incorporated herein by reference.

29. Dr. Jeffrey Welgoss, Dr. Barbara Kurtz Estes, Nurse Patricia Gauch, Nurse Mary Davis, and Operating Room Technician Alexandria Mason had a duty to use that degree of care and skill in their treatment of their patient, Leeanne Sullivan, which reasonably competent medical professionals engaged in providing medical and health care services acting under similar circumstances would use.

30. Dr. Jeffrey Welgoss, Dr. Barbara Kurtz Estes, Nurse Patricia Gauch, Nurse Mary Davis, and Operating Room Technician Alexandria Mason breached that duty by leaving a foreign object consisting of a piece of a foley catheter in Ms. Sullivan's bladder and not discovering, acknowledging or removing that foreign object prior to discharging Ms. Sullivan from the hospital subsequent to her November 8, 2011 surgery at Calvert Memorial Hospital.

31. As a direct and proximate result of the negligence committed by Dr. Jeffrey Welgoss, Dr. Barbara Kurtz Estes, Nurse Patricia Gauch, Nurse Mary Davis, and Operating Room Technician Alexandria Mason, Ms. Sullivan has suffered ongoing pain in her pelvic region, persistent and recurring infections, incontinence, an urgency to urinate, an inability to engage in sexual intercourse and other extreme discomfort in her pelvic region, as well as psychological harm, including depression, an additional surgery to remove the foreign object that was left in her pelvic region at the conclusion of her November 8, 2011 surgery, and post-operative pain from that additional surgery.

## COUNT II

### (*Res Ipsa Loquitor* —Foreign Object in Bladder)

32. The foregoing factual allegations are re-alleged and incorporated herein by reference.

33. Dr. Jeffrey Welgoss, Dr. Barbara Kurtz Estes, Nurse Patricia Gauch, Nurse Mary Davis, and Operating Room Technician Alexandria Mason had a duty to use that degree of care and skill in their treatment of their patient, Leeanne Sullivan, which reasonably competent medical professionals engaged in providing medical and health care services acting under similar circumstances would use.

34. Dr. Jeffrey Welgoss, Dr. Barbara Kurtz Estes, Nurse Patricia Gauch, Nurse Mary Davis, and Operating Room Technician Alexandria Mason breached that duty by leaving a foreign object in Ms. Sullivan's pelvic region and not discovering, acknowledging or removing that foreign object prior to discharging Ms. Sullivan from the hospital subsequent to her November 8, 2011 surgery at Calvert Memorial Hospital.

35. Under the doctrine of *res ipsa loquitor*, the fact that the catheter portion remained in Ms. Sullivan's bladder after the conclusion of her November 8, 2011 surgery speaks for itself in terms of the negligence committed in this case.

36. As a direct and proximate result of the negligence committed by Dr. Jeffrey Welgoss, Dr. Barbara Kurtz Estes, Nurse Patricia Gauch, Nurse Mary Davis, and Operating Room Technician Alexandria Mason, Ms. Sullivan has suffered ongoing pain in her pelvic region, incontinence, an urgency to urinate, persistent and recurring infections, an inability to engage in sexual intercourse and other extreme discomfort in

her pelvic region, as well as psychological harm, including depression, an additional

surgery to remove the foreign object that was left in her pelvic region at the conclusion of

her November 8, 2011 surgery, and post-operative pain from that additional surgery.

## COUNT III

### (Medical Negligence – Failure to Properly Perform Surgical Procedures)

37. The foregoing factual allegations are re-alleged and incorporated herein by
reference.

38. Dr. Jeffrey Welgoss, Dr. Barbara Kurtz Estes, Nurse Patricia Gauch,

Nurse Mary Davis, and Operating Room Technician Alexandria Mason had a duty to use

that degree of care and skill in their treatment of their patient, Leeanne Sullivan, which

reasonably competent medical professionals engaged in providing medical and health

care services acting under similar circumstances would use.

39. Dr. Jeffrey Welgoss, Dr. Barbara Kurtz Estes, Nurse Patricia Gauch,

Nurse Mary Davis, and Operating Room Technician Alexandria Mason breached that

duty by failing to properly perform Ms. Sullivan's surgical procedures, with the result

that Ms. Sullivan's pre-operative conditions and complaints were not resolved by the

November 8, 2011 surgery Defendants performed to address those pre-operative

conditions and complaints.

40. As a direct and proximate result of the negligence committed by Dr.

Jeffrey Welgoss, Dr. Barbara Kurtz Estes, Nurse Patricia Gauch, Nurse Mary Davis, and

Operating Room Technician Alexandria Mason, Ms. Sullivan has suffered ongoing pain

in her pelvic region, incontinence, an urgency to urinate, persistent and recurring

infections, an inability to engage in sexual intercourse and other extreme discomfort in her pelvic region, as well as psychological harm, including depression. Ms. Sullivan will also likely require additional surgeries to correct her existing conditions.

## COUNT IV

### (Medical Negligence – Installation of a Dangerous, Unsafe and Defective Device)

41. The foregoing factual allegations are re-alleged and incorporated herein by reference.

42. Dr. Jeffrey Welgoss, Dr. Barbara Kurtz Estes, Nurse Patricia Gauch, Nurse Mary Davis, and Operating Room Technician Alexandria Mason had a duty to use that degree of care and skill in their treatment of their patient, Leeanne Sullivan, which reasonably competent medical professionals engaged in providing medical and health care services acting under similar circumstances would use.

43. Dr. Jeffrey Welgoss, Dr. Barbara Kurtz Estes, Nurse Patricia Gauch, Nurse Mary Davis, and Operating Room Technician Alexandria Mason breached that duty by installing an unsafe, dangerous and defective sling product in Ms. Sullivan's pelvic region.

44. As a direct and proximate result of the negligence committed by Dr. Jeffrey Welgoss, Dr. Barbara Kurtz Estes, Nurse Patricia Gauch, Nurse Mary Davis, and Operating Room Technician Alexandria Mason, Ms. Sullivan has suffered ongoing pain in her pelvic region, persistent and recurring infections, incontinence, an urgency to urinate, an inability to engage in sexual intercourse and other extreme discomfort in her

pelvic region, as well as psychological harm, including depression. Ms. Sullivan will

also likely require additional surgeries to correct her existing conditions.

## COUNT V

### (Vicarious Liability – Calvert Memorial Hospital)

45. The foregoing factual allegations are re-alleged and incorporated herein by
reference.

46. Calvert Memorial Hospital, acting through its employees, agents, servants,
and/or ostensible employees, agents or servants, including Dr. Jeffrey Welgoss, Dr.
Barbara Kurtz Estes, Nurse Patricia Gauch, Nurse Mary Davis, Operating Room
Technician Alexandria Mason and others, had a duty to use that degree of care and skill
in its treatment of Ms. Sullivan, which a reasonably competent health care facility,
engaged in a similar practice and acting under similar circumstances, would use.

47. The Hospital, through Dr. Jeffrey Welgoss, Dr. Barbara Kurtz Estes,
Nurse Patricia Gauch, Nurse Mary Davis, Operating Room Technician Alexandria Mason
and its other employees, agents, servants, and/or ostensible employees, agents or
servants, deviated from the standard of care by: failing to remove a foreign object from
Ms. Sullivan's bladder; leaving the foreign object in Ms. Sullivan's bladder for months;
failing to properly perform Ms. Sullivan's surgical procedures on November 8, 2011; and
installing an unsafe, dangerous and defective sling product in Ms. Sullivan's pelvic
region.

48. As the master, employer and/or principal responsible for the acts of its
employees, agents, servants, and/or ostensible employees, agents or servants, including

Dr. Jeffrey Welgoss, Dr. Barbara Kurtz Estes, Nurse Patricia Gauch, Nurse Mary Davis, Operating Room Technician Alexandria Mason and others, the Hospital is vicariously liable for the negligence of the individuals who provided healthcare and medical services to Ms. Sullivan at the Hospital.

49. As a direct and proximate result of the negligence of its employees, agents, servants, and/or ostensible employees, agents or servants, including Dr. Jeffrey Welgoss, Dr. Barbara Kurtz Estes, Nurse Patricia Gauch, Nurse Mary Davis, Operating Room Technician Alexandria Mason and others, Ms. Sullivan has suffered ongoing pain in her pelvic region, persistent and recurring infections, incontinence, an urgency to urinate, an inability to engage in sexual intercourse and other extreme discomfort in her pelvic region, as well as psychological harm, including depression. Ms. Sullivan will also likely require additional surgeries to correct her existing conditions.

## COUNT VI

### (Strict Products Liability – Failure to Warn)

50. The foregoing factual allegations are re-alleged and incorporated herein by reference.

51. Defendants Johnson & Johnson and Ethicon sold Ethicon Gynecare TVT sling devices in the course of their business as manufacturers and distributors of healthcare products.

52. At the time of the sale of these devices, the devices were unreasonably dangerous when put to a reasonably anticipated use without the user having knowledge of their characteristics. The use of the TVT sling device to address Ms. Sullivan's stress

incontinence and cystocele was a reasonably anticipated use of the product and, at the time of said use, Calvert Memorial Hospital and its employees, agents, servants, and/or ostensible employees, agents or servants, including Dr. Jeffrey Welgoss, Dr. Barbara Kurtz Estes, Nurse Patricia Gauch, Nurse Mary Davis, Operating Room Technician Alexandria Mason, did not have sufficient knowledge that the device could cause a significant risk of adverse effects such as those Ms. Sullivan is currently experiencing.

53. Defendants Johnson & Johnson and Ethicon did not provide adequate warning of the risks of substantial and significant post-installation complications with respect to the Gynecare TVT sling device to Plaintiff Leeanne Sullivan and Defendants Calvert Memorial Hospital and its employees, agents, servants, and/or ostensible employees, agents or servants, including Dr. Jeffrey Welgoss, Dr. Barbara Kurtz Estes, Nurse Patricia Gauch, Nurse Mary Davis, Operating Room Technician Alexandria Mason, when Defendants Johnson & Johnson and Ethicon clearly knew that such risks existed and that they had failed to remediate such risks.

54. Plaintiff Sullivan was damaged as a direct and proximate result of the use of the Gynecare TVT sling device that was being sold by Defendants Johnson & Johnson and Ethicon without an adequate warning, in that she has suffered ongoing pain in her pelvic region, persistent and recurring infections, incontinence, an urgency to urinate, an inability to engage in sexual intercourse and other extreme discomfort in her pelvic region, as well as psychological harm, including depression. Ms. Sullivan will also likely require additional surgeries to correct her existing conditions.

55. Defendants Johnson & Johnson and Ethicon's entire course of conduct in failing to warn Plaintiff and her medical care providers of the dangers known to

Defendants Johnson & Johnson and Ethicon regarding the use of their transvaginal sling

devices showed a complete indifference to or conscious disregard for the health and

safety of Plaintiff Sullivan and justifies an award of punitive damages in such sum as will

serve to punish these Defendants and deter them from such callous conduct.

## COUNT VII

### (Products Liability – Negligent Failure to Warn)

56. The foregoing factual allegations are re-alleged and incorporated herein by
reference.

57. Defendants Johnson & Johnson and Ethicon designed, manufactured, and

marketed the Ethicon Gynecare TVT sling device that was implanted in Ms. Sullivan's

pelvic region.

58. The Ethicon Gynecare TVT sling device, when used as designed, created

hazards and health risks to patients, as documented by the complaints received by

Defendants Johnson & Johnson and Ethicon, as well as the FDA, regarding this product.

These risks were clearly known to Defendants Johnson & Johnson and Ethicon and a

duty to warn Plaintiff Sullivan and her healthcare providers of said risks was thereby

created.

59. Defendants Johnson & Johnson and Ethicon failed to use ordinary care to

adequately warn Plaintiff Sullivan and her healthcare providers of the risk of harm from

the hazards and healthcare risks of the Ethicon Gynecare TVT sling devices, of which

Defendants Johnson & Johnson and Ethicon had clear and absolute knowledge, and

Defendants Johnson & Johnson and Ethicon thereby breached their duty to warn of said risks.

60. As a direct and proximate result of the failure of Defendants Johnson & Johnson and Ethicon to warn Plaintiff Sullivan and her healthcare providers of said hazards and healthcare risks, Ms. Sullivan has suffered ongoing pain in her pelvic region, persistent and recurring infections, incontinence, an urgency to urinate, an inability to engage in sexual intercourse and other extreme discomfort in her pelvic region, as well as psychological harm, including depression. Ms. Sullivan will also likely require additional surgeries to correct her existing conditions.

61. Defendants Johnson & Johnson and Ethicon's entire course of conduct in failing to warn Plaintiff Sullivan and her medical care providers of the dangers known to Defendants Johnson & Johnson and Ethicon regarding the use of their transvaginal sling devices showed a complete indifference to or conscious disregard for the health and safety of Plaintiff Sullivan and justifies an award of punitive damages in such sum as will serve to punish these Defendants and deter them from such callous conduct.

## COUNT VIII

### (Products Liability - Negligent Provision of Dangerous Instrumentality)

62. The foregoing factual allegations are re-alleged and incorporated herein by reference.

63. At the time of the sale of the Ethicon Gynecare TVT sling device used by Plaintiff Sullivan's healthcare providers in her November 8, 2011 surgery, the device was unreasonably dangerous when put to a reasonably anticipated use without the user having

knowledge of its characteristics. The use of the TVT sling device to address Ms. Sullivan's stress incontinence and cystocele was a reasonably anticipated use of the product and, at the time of said use, Calvert Memorial Hospital and its employees, agents, servants, and/or ostensible employees, agents or servants, including Dr. Jeffrey Welgoss, Dr. Barbara Kurtz Estes, Nurse Patricia Gauch, Nurse Mary Davis, Operating Room Technician Alexandria Mason and others, did not have sufficient knowledge of the significant and severe risk of harm from the hazards and healthcare risks of the Ethicon Gynecare TVT sling device when used for the purposes intended.

64. As the designers, manufacturers and marketers of the Gynecare TVT sling device, Defendants Johnson & Johnson and Ethicon had a duty to use that degree of care, concern, expertise, workmanship, skill, fidelity, disclosure, professionalism and caution that reasonably competent designers, manufacturers and marketers of medical devices engaged in providing medical devices under similar circumstances would use.

65. In light of the multitude of complaints they and the FDA had received regarding the Gynecare TVT sling device, Defendants Johnson & Johnson and Ethicon breached that duty by failing to cease providing such devices to surgical patients and/or their healthcare providers for use in surgeries involving stress incontinence, pelvic organ prolapse, and related medical problems because of the significant and severe risk of harm from the hazards and healthcare risks of the Ethicon Gynecare TVT sling device when used for the purposes intended.

66. As a direct and proximate result of the negligence committed by Defendants Johnson & Johnson and Ethicon, Ms. Sullivan has suffered ongoing pain in her pelvic region, persistent and recurring infections, incontinence, an urgency to urinate,

an inability to engage in sexual intercourse and other extreme discomfort in her pelvic region, as well as psychological harm, including depression.  Ms. Sullivan will also likely require additional surgeries to correct her existing conditions.

**COUNT IX**

**(Fraudulent Concealment)**

67. The foregoing factual allegations are re-alleged and incorporated herein by reference.

68. Defendants Johnson & Johnson and Ethicon designed, manufactured, and marketed the Ethicon Gynecare TVT sling device that was implanted in Ms. Sullivan's pelvic region.

69. Notwithstanding the numerous complaints received by the FDA and Defendants Johnson & Johnson and Ethicon concerning the problems associated with the use of the Gynecare TVT sling device in surgical procedures and the dangers known to these Defendants in connection with the use of this device, Defendants Johnson & Johnson and Ethicon deliberately and fraudulently concealed this information from Plaintiff Sullivan, her healthcare providers, and the general American medical community.

70. As a direct and proximate result of the negligence committed by Defendants Johnson & Johnson and Ethicon, Ms. Sullivan has suffered ongoing pain in her pelvic region, persistent and recurring infections, incontinence, an urgency to urinate, an inability to engage in sexual intercourse and other extreme discomfort in her pelvic

region, as well as psychological harm, including depression. Ms. Sullivan will also likely require additional surgeries to correct her existing conditions.

71. Defendants Johnson & Johnson and Ethicon's entire course of conduct in concealing material facts from Plaintiff Sullivan and her healthcare providers of the dangers known to these Defendants regarding the use of the Ethicon Gynecare TVT sling device showed a complete indifference or conscious disregard for the health and safety of Plaintiff Sullivan. Such behavior by these Defendants, as designers, manufacturers and marketers of surgical implant devices, has the potential to cause serious and devastating injuries, and justifies and demands the award of punitive damages in such sum as will serve to punish these Defendants and deter them from such callous conduct.

**WHEREFORE**, Plaintiff, Leeanne Marie Sullivan, respectfully prays for judgment against Defendants, Calvert Memorial Hospital, Jeffrey Welgoss, MD, Barbara Kurtz Estes, MD, Patricia Gauch, RN, Mary Davis, RN, Alexandria Mason, ORT, Johnson & Johnson, and Ethicon US, LLC, for compensatory and punitive damages in excess of $100,000.00, plus interest and costs.

Dated: 2/20/15

Respectfully Submitted,

LAW OFFICES OF KIMM MASSEY

Kimm Massey, Esq.
6305 Ivy Lane, Suite 701
Greenbelt, MD 20770
(301)982-4529 –Telephone
(301)982-4530 – Facsimile

*Attorney for the Plaintiff*